```
                  IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF NEBRASKA


    UNITED STATES OF AMERICA,          )
                                       )
                  Plaintiff,           )  8:23CR86
                                       )
            vs.                        )
                                       )
    DAVID LEIDERMANN,                  )  Omaha, Nebraska
                                       )  May 18, 2023
                  Defendant.           )


                        TRANSCRIPT OF PROCEEDINGS
                 BEFORE THE HONORABLE MICHAEL D. NELSON
                     UNITED STATES MAGISTRATE JUDGE



                        A-P-P-E-A-R-A-N-C-E-S

   FOR THE PLAINTIFF:            Mr. Thomas J. Kangior
                                 Asst. United States Attorney
                                 1620 Dodge Street
                                 Suite 1400
                                 Omaha, NE 68102

   FOR THE DEFENDANT:            Mr. Clarence E. Mock III
                                 Johnson, Mock Law Firm Oakland
                                 P.O. Box 62
                                 Oakland, NE  68405




   TRANSCRIBER:                  Ms. Rhonda S. Sansom, RPR, CRR
                                 8104 South 166 Street
                                 Omaha, NE 68136
                                 (859) 619-3624


   Proceedings recorded by digital recording, transcript produced
   by certified stenographer.
```

1           (At 1:48 p.m. on May 18, 2023, with counsel for the
2   parties and the defendant present, the following proceedings
3   were had:)
4           THE COURT:  We're on the record.  This is the United
5   States of America versus David Leidermann.  Case number is
6   8:23CR86.
7           Counsel for the government?
8           MR. KANGIOR:  Good afternoon, your Honor.  Thomas J.
9   Kangior appearing on behalf of the United States.
10          THE COURT:  Mr. Leidermann, this is an initial
11  appearance.  A grand jury in the District of Nebraska has
12  returned an indictment.  You're named as a defendant in that
13  indictment, and it's alleged that you have violated the laws
14  of the United States.
15          You do have the right to remain silent.  Anything you
16  say can be used against you.
17          You also have the right to have an attorney appointed to
18  represent you at no cost in the event you're unable to afford
19  an attorney.
20          Mr. Mock, I understand that you're privately
21  retained?
22          MR. MOCK:  I am, your Honor.
23          THE COURT:  Will you please enter your appearance?
24          MR. MOCK:  Clarence Mock, your Honor.  Good
25  afternoon.

1       THE COURT:  Good afternoon.
2       MR. MOCK:  On behalf of David Leidermann.
3       THE COURT:  Good afternoon, Mr. Mock.
4       Has your client received a copy of the indictment?
5       MR. MOCK:  Yes.
6       THE COURT:  Does he waive formal reading?
7       MR. MOCK:  Yes.
8       THE COURT:  Requests Rule 16 discovery?
9       MR. MOCK:  I do.
10      THE COURT:  Is he going to hold off on requesting
11   expert disclosures for the time being?
12      MR. MOCK:  Yes.
13      THE COURT:  Is the government also going to hold off
14   on requesting expert disclosures?
15      MR. KANGIOR:  Yes.
16      THE COURT:  Sir, I do want you to listen carefully.
17   Mr. Kangior, the government's attorney, is going to advise you
18   of the nature of the charge against you -- charges against you
19   in this case.
20      He'll also advise you of the penalties that you face
21   in the event you're convicted of one or more of these charges.
22   Please listen carefully.
23      MR. KANGIOR:  Sir, the indictment contains three
24   counts.  In Count I, you are charged with conspiracy to
25   distribute and possession with the intent to distribute more

1   than 1,000 kilograms of marijuana, along with a quantity of
2   products that contain THC.
3          That is a violation of Title 21, United States Code,
4   Section 846.
5          If you are convicted of this offense, you face a
6   maximum punishment of at least 10 years and up to life in
7   prison, a fine of up to $10 million, or both a prison term and
8   a fine; a term of supervised release of at least 5 years and
9   up to life; and a $100 special assessment.
10         In Count II you are charged with money laundering,
11  which is a violation of Title 18, United States Code, Section
12  1956(a)(1)(B).
13         And in Count III you are charged with conspiracy to
14  commit money laundering, which is a violation of Title 18,
15  Section 1956(h)2.
16       The penalties for Counts II and III are the same.  If
17  convicted, you face a maximum punishment of up to 20 years
18  imprisonment, a fine of up to $500,000, or both a prison term
19  and a fine; a term of supervised release of up to 3 years; and
20  a $100 special assessment.
21         THE COURT:  Sir, do you understand the nature of the
22  charges?
23         THE DEFENDANT:  Yes, I do.
24         THE COURT:  And do you understand the maximum
25  penalties that can be imposed?

1          THE DEFENDANT: Yes, I do.

2          THE COURT: The Court will enter a not-guilty plea as

3  to each count as alleged against the defendant in the

4  indictment, as requested by the defendant.

5          The Court will also order Rule 16 discovery, as

6  requested by the parties. The government shall produce Rule

7  16 discovery on or before May 25, 2023. Pretrial motions due

8  by June 7th, 2023.

9          Pursuant to Due Process Protections Act, the Court

10 confirms the United States' obligation to disclose to the

11 defendant all exculpatory evidence, as required by Brady

12 v. Maryland and its progeny, and orders the United States to

13 do so.

14         Failure to disclose exculpatory evidence in a timely

15 manner may result in consequences, including but not limited

16 to adverse jury instructions, dismissal of charges, contempt

17 proceedings, or sanctions by the Court.

18         Progression already issued. Case is assigned to

19 District Judge Buescher and to Magistrate Judge Bazis.

20         Turning to the issue of detention or release, the

21 Court will take judicial notice -- judicial notice of the

22 indictment, amended criminal cover sheet, Pretrial Services

23 report -- Filings 4, 32, and 40 -- as well as the original

24 criminal complaint in this case at Filing No. 1.

25         Any objection from the government?

1       MR. KANGIOR:  No, your Honor.

2       THE COURT:  Are you seeking detention?

3       MR. KANGIOR:  Yes, based on both prongs.

4       THE COURT:  Mr. Mock, any objection to the Court

5  taking judicial notice of those documents?

6       MR. MOCK:  No, your Honor.

7       THE COURT:  Is your client submitting on the matter

8  of detention at the present time?

9       MR. MOCK:  Yes.  We are not contesting detention at

10 this time, but we do want that to be with the understanding

11 that we're reserving our right to file a motion to amend,

12 seeking additional conditions.

13      THE COURT:  Fair enough.  I'll consider that the

14 defendant is submitting the matter based upon the information

15 presented to the Court now.  To the extent there's any

16 material information as to the issue of flight or danger,

17 defendant is free of course to file a motion for the Court's

18 consideration at a later date.

19      MR. MOCK:  Your Honor, I -- in terms of scheduling,

20 it -- it is my understanding that we will be filing a motion,

21 as I've discussed.  And I was wondering if we could figure out

22 a date that that motion could be heard, because there are

23 other counsel from Miami that'll be participating and probably

24 handling that hearing.

25      And so if we could set a date now, that would be helpful

1   for scheduling purposes.
2           THE COURT: Okay. I think what I'll do now is, this
3   case is assigned to Judge Bazis.
4           Let me ask first: Does the government have any
5   additional evidence or argument with regard to detention?
6           MR. KANGIOR: No, your Honor.
7           THE COURT: So for now, Mr. Mock, what I'll do is
8   I'll go ahead and consider the matter having been submitted to
9   the Court.
10          There is a presumption in favor of the government, given
11  the nature of the charges in this case -- or at least one of
12  the charges in this case, excuse me.
13          With regard to Count I in this case, I find that that
14  presumption's not been rebutted, so I will order detention on
15  that basis and I'll enter an order with my written findings.
16          Now, with regard to any material information that can
17  be presented with regard to the issue of flight or danger, a
18  release plan will have to be submitted by counsel.
19          Once that is submitted, Judge Bazis will make a
20  determination as to when that will be scheduled for a hearing.
21          Just in the motion, request that -- that counsel
22  be -- that you request a status conference to schedule that,
23  and then Judge Bazis will take it from there.
24          If the defendant wishes to be interviewed, then we
25  should know that. Does he, or do you know?

1           MR. MOCK:  Your Honor, one of the issues in this
2   particular case, and I think it's maybe more common than it
3   should be, but Mr. Leidermann has not had the opportunity to
4   have a face-to-face meeting with the trial counsel from Miami
5   that he has retained.
6         And that they should -- I think they maybe already
7   entered their appearance.  I know that Mr. Rosen has, but I
8   don't know if Mr. Diaz has yet.
9            But in any event, this has caused some issues because
10  he hasn't had the ability to seek the advice of counsel
11  related to that, those issues.  And so that's been --
12           THE COURT:  Well --
13           MR. MOCK:  -- that's been a problem, and so that's
14  why.  That's the reason why he has been reluctant to answer
15  the questions of the Pretrial Services.
16           THE COURT: All right.  I understand.  It very well
17  may be his intention, his desire, and it may be necessary for
18  the Court's consideration, to be interviewed.
19           So I would reach out to your cocounsel and tell them
20  that, pursuant to our local rules and case management
21  practices, if they want a review of the detention hearing
22  they need to file a motion with a release plan.
23           They should state in that motion that they wish to
24  have a status conference with the Court with regard to those
25  issues and the scheduling of a hearing.

1       And they probably either want to address at the status
2   conference or in the motion whether they wish to have the
3   defendant interviewed by Pretrial Services.
4           MR. MOCK:  Yeah.  I -- honestly, I anticipate that
5   that's exactly probably what will ultimately happen, but that
6   has been the issue.
7           And I -- and I just -- if I might add, I don't know
8   if the Court has any power in this regard, but it's -- it
9   becomes increasingly difficult when people are housed in the
10  Douglas County jail to have the kind of conferences that I
11  think are reasonably necessary about very sensitive matters to
12  be conducted within the confines of the attorney-client
13  privilege.
14          And it's just very difficult, if not impossible, to
15  do that in a bank of video phones where there are people in --
16  with unrelated cases sitting relatively close and that can
17  hear every -- at least one side of the conversation throughout
18  that process.
19          And, you know, it's just become -- it's my
20  understanding that, you know, they don't -- they just will not
21  allow conferences with counsel for any reason other than to go
22  through discovery materials face to face.
23          And -- and -- and in cases of this nature, while
24  there certainly would be room, a reason to do that in the
25  future, I suspect, there's also a number of different things

1   that need to be discussed that -- that counsel, for
2   information that they have in their possession that they can
3   bring that really don't have anything to do with discovery
4   and -- and keep getting the --
5           THE COURT: Well --
6           MR. MOCK: -- from the jail that we -- you know,
7   "That that doesn't meet our qualification to be able to have a
8   face to face."
9           THE COURT: They're not allowing you to have
10  attorney-client meetings in the individual rooms?
11          MR. MOCK: Right, unless -- unless it has to do with
12  the going over discovery materials. But if -- if you -- I've
13  been told this repeatedly, and -- and I think that's been the
14  case here in this matter, that -- that if -- if you just want
15  a face to face to talk with your -- your client and it's not
16  related to discovery matters, that that has to be done by
17  video. And it's --
18          THE COURT: Well, I don't -- yeah.
19          MR. MOCK: It's an impediment. And I noticed that
20  the California order said that we should have the reasonable
21  opportunity to have a face-to-face meeting with -- with
22  counsel.
23          THE COURT: I -- I think it's outside what I can do
24  in the courtroom today. But if there's an issue reach out to
25  the Marshals Service, if necessary to the chief judge of this

1  district, and we'll address those concerns.
2        I note that discover is ordered here in the next
3  week.  I would think that there would be some conference with
4  the defendant.
5        So if there's issues with that, then I would first
6  address with the Marshals Service and then take it up with the
7  chief judge.  Okay?
8        MR. MOCK:  Yeah.  I'm certain that I'm not the only
9  one that's probably told you that, but I thought I would
10  express it on behalf of Mr. Leidermann.
11       THE COURT:  Well, it'll be another voice, and we'll
12  see if we can get that corrected.
13       MR. MOCK:  All right.  Very good.  Thank you.
14       THE COURT:  Okay.  Anything else?
15       MR. MOCK:  No, sir.
16       THE COURT:  Okay.  Anything else on behalf of the
17  government?
18       MR. KANGIOR:  No, your Honor.
19       THE COURT:  Okay.  The government's motion for
20  detention on flight and danger is granted because the
21  defendant has not rebutted the presumption in favor of the
22  government.
23       The defendant is remanded -- detained in the custody
24  of the U.S. Marshal pending further order of the court.
25       We're in recess.  The parties are excused.

1           (Adjourned at 2:00 p.m.)

2       I certify that the foregoing is a correct transcription

3   to the best of my ability from the digital recording of

4   proceedings in the above-entitled matter.

5

6

7

8       ___/s Rhonda S. Sansom___            _July 1, 2023__

9       Rhonda S. Sansom, RPR, CRR               Date

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25