IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>ERIC THIBODO,<br><br>　　　　　Defendant. | **8:23-CR-86**<br><br><br>**ORDER ON THE DEFENDANT'S MOTION EXONERATING BOND** |

This matter is before the Court on defendant Eric Thibodo's Unopposed Motion Exonerating Bond. Filing 886. In April 2023, the grand jury in the District of Nebraska returned an Indictment against the defendant, and the defendant was arrested in the Central District of California. Filing 4; Filing 17. The magistrate judge in the Central District of California ordered the defendant released pending trial on a $600,000 appearance bond. *See United States v. Eric Thibodo*, Case No. 2:23-mj-01926 (C.D. Cal. 2023). The bond was satisfied by a property deed submitted by a surety, Dorothy W. Day. Filing 17-17; Filing 17-18; Filing 17-19. The defendant complied with the conditions of his pretrial release, *see* Filing 846, and after pleading guilty to Counts I and II of the Third Superseding Indictment, the defendant was sentenced in this matter on May 14, 2026, and remanded to the custody of the United States Marshal for the District of Nebraska. Filing 847 (Text Minute Entry); Filing 850 (Judgment). The defendant now moves for an order "exonerating the bond submitted in connection with this matter." Filing 886 at 1. The defendant's counsel represents that he has been "informed that, in order to reconvey the property bond submitted by Mr. Thibodo's surety in the Central District of California, that court requires an order from this Court exonerating

1

the bond in this matter." Filing 886 at 2. Defense counsel further represents that he has communicated with counsel for the Government, "who indicated that the [G]overnment has no objection to an order exonerating bond in this matter." Filing 886 at 2.

Federal Rule of Criminal Procedure 46(g) provides, "The court must exonerate the surety and release any bail when a bond condition has been satisfied or when the court has set aside or remitted the forfeiture. The court must exonerate a surety who deposits cash in the amount of the bond or timely surrenders the defendant into custody." Here, the defendant has satisfied the conditions of his bond, and there are no remaining conditions to be satisfied. Accordingly,

IT IS ORDERED that defendant Eric Thibodo's Unopposed Motion Exonerating Bond, Filing 886, is granted and the $600,000 appearance bond secured by the property of surety Dorothy W. Day is exonerated.

Dated this 8th day of June, 2026.

BY THE COURT:

Brian C. Buescher
United States District Judge

2